UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

HUDSON INSURANCE COMPANY,

    Plaintiff,

vs.

THE LAW OFFICE OF PAUL S. LABINER, PAUL S. LABINER, ESQ., PAUL S. LABINER ESQUIRE, P.A., VINCENT DEL BORRELLO, individually and as attorney in fact for FRANCINE DELL, HARRY KLAMPERT, and PHYLLIS KLAMPERT, a minor, by and through her guardian, JOANNA WATSON, and ANDREW COMITER, as Trustee *Ad Litem* of the Francine Dell Revocable Trust dated May 27, 2020, as Trustee *Ad Litem* of the Marital Trust created under the Vincent Dell Revocable Trust dated May 27, 2020, and in his capacity as Trustee *Ad Litem* of the Vincent Del Borrello, III Trust created under the Vincent Del Revocable Trust dated May 27, 2020

    Defendants.
_____/

Case No.:

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, HUDSON INSURANCE COMPANY ("HUDSON"), hereby files this Complaint for Declaratory Judgment against the Defendants, THE LAW OFFICE OF PAUL S. LABINER ("THE LAW OFFICE "), THE ESTATE OF PAUL S. LABINER, ESQ. ("THE ESTATE") (THE LAW OFFICE and THE ESTATE are collectively referred to hereinafter as "LABINER DEFENDANTS"), VINCENT DEL BORRELLO ("DEL BORRELLO"), individually and as attorney in fact for FRANCINE DELL ("DELL"), HARRY KLAMPERT ("H. LAMPERT"), and PHYLLIS KLAMPERT ("P. KLAMPERT"), a minor, by and through her guardian, JOANNA WATSON ("WATSON") (DEL BORRELLO, DELL, H. KLAMPERT, P. KLAMPERT and WATSON are collectively referred hereinafter as "DEL BORRELLO PLAINTIFFS"), and

ANDREW COMITER, as Trustee *Ad Litem* of the Francine Dell Revocable Trust dated May 27, 2020, as Trustee *Ad Litem* of the Marital Trust created under the Vincent Dell Revocable Trust dated May 27, 2020, and in his capacity as Trustee *Ad Litem* of the Vincent Del Borrello, III Trust created under the Vincent Del Revocable Trust dated May 27, 2020, (collectively "COMITER"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a declaratory judgment action brought pursuant to Chapter 86, Florida Statutes, for the purpose of determining an actual controversy between the parties with respect to an insurance policy (the "Policy") issued by the Plaintiff, HUDSON, to THE LAW OFFICE[1]. A copy of the Policy is attached hereto as Exhibit 1.

2. HUDSON seeks a judgment declaring that claims made by the DEL BORRELLO PLAINTIFFS and COMITER (collectively, the "UNDERLYING PLAINTIFFS") against the LABINER DEFENDANTS, as described more fully below, are subject to the Policy's $500,000 per claim liability limit, as opposed to the Policy's $1,000,000 aggregate liability limit.

## PARTIES, JURISDICTION & VENUE

3. HUDSON is, and was at all times material hereto, a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of New York.

4. HUDSON is authorized to issue Lawyers Professional Liability insurance policies in Florida.

5. THE LAW OFFICE is a Florida Corporation, doing business in the State of Florida, and specifically in Palm Beach County, with its principal place of business located in Palm Beach County.

---

[1] The term THE LAW OFFICE shall also include PAUL S. LABINER ESQUIRE, P.A.

6. PAUL S. LABINER, ESQ. ("LABINER"), the decedent of THE ESTATE, was at all times a resident of Palm Beach County and a citizen of Florida.

7. The LABINER DEFENDANTS offered professional legal services through South Florida, with offices located in Boca Raton, Florda. At all times material, LABINER was the sole principal and managing attorney for THE LAW OFFICE.

8. DEL BORRELLO is and was at all times a resident of Palm Beach County and a citizen of Florida.

9. COMITER is and was at all times a resident of Palm Beach County and a citizen of Florida.

10. Complete diversity of citizenship exists in this matter.

11. The subject dispute arises from a disagreement between HUDSON and the UNDERLYING PLAINTIFFS as to whether the Policy's $500,000 per claim limit or the $1,000,000 aggregate limit applies.

12. Therefore, the amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

13. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

14. Venue is proper in the Southern District of Florida, Palm Beach Division, pursuant to 28 U.S.C. § 1391 and Florida Statutes § 736.0204, because HUDSON issued a policy of insurance to THE LAW OFFICE in the District, the underlying alleged actions occurred in Palm Beach County, Florida, and the Underlying Lawsuit for which HUDSON seeks a judicial declaration is pending in Palm Beach County, Florida.

## **GENERAL ALLEGATIONS**

15. The underlying claim stems from a lawsuit pending in the Probate Division in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2022-CP-003558-XXXX-SB (the "Underlying Lawsuit").

16. The UNDERLYING PLAINTIFFS are beneficiaries under separate Trusts at issue in the Underlying Lawsuit.

17. On August 3, 2022, the UNDERLYING PLAINTIFFS filed their Amended Complaint against the LABINER DEFENDANTS and Janet Blissitt ("Blissitt"). A copy of the Amended Complaint is attached hereto as Exhibit 2.

18. At all times material, Blissitt was allegedly employed by the LAW OFFICE as the office manger and administrator of the trusts at issue and was working at the direction of LABINER.

19. The Underlying Lawsuit involves alleged civil theft claims by the Trusts of the UNDERLYING PLAINTIFFS.

20. The alleged thefts all stem from Blissitt's unauthorized transactions removing the Trusts' monies from the respective accounts while Blissitt was working for LABINER.

21. In the Amended Complaint, among other allegations, the UNDERLYING PLAINTIFFS allege that the LABINER DEFENDANTS' negligence, misconduct and/or malfeasance allowed Blissitt to abscond with $2,530,730.00 from the UNDERLYING PLAINTIFFS' Trusts' Accounts between December 2021 and May 2022. *See* Exhibit 2, at ¶36.

22. The Amended Complaint specifically identifies forty-two (42) alleged unauthorized transfers by Blissitt. *Id.* at ¶39-41.

23. It is further alleged that LABINER failed to oversee Blissitt, failed to review the account activity or monthly bank statements for the Trusts' accounts, and failed to review Blissitt's monthly reconciliations of the Trusts' accounts.

24. The UNDERLYING PLAINTIFFS allege LABINER also failed to discover the thefts.

25. As such, it is alleged that the LABINER DEFENDANTS are vicariously liable for the actions and thefts of Blissitt.

26. On October 13, 2023, the Court in the Underlying Lawsuit granted summary judgment in favor of the UNDERLYING PLAINTIFFS and against Blissitt in the amount of $7,756,026.52.

27. An actual controversy exists between HUDSON and the UNDERLYING PLAINTIFFS regarding the proper Policy limit for the underlying claim.

28. THE LAW OFFICE is a proper party to this action, as it is the Named Insured under the POLICY and its rights will be impacted by the Court's declaration in this matter.  Hence, it has been named in this action, so it will be bound by the Court's ultimate decree.

29. THE ESTATE is a proper party to this action, as it is an insured under the POLICY and its rights will be impacted by the Court's declaration in this matter.  Hence, it has been named in this action, so it will be bound by the Court's ultimate decree.

30. The DEL BORRELLO PLAINTIFFS are a proper party to this action, as they are a plaintiff in the Underlying Lawsuit and their rights will be impacted by the Court's declaration in this matter.  Hence, they have been named in this action, so they will be bound by the Court's ultimate decree.

31. COMITER are a proper party to this action, as they are a plaintiff in the Underlying Lawsuit and their rights will be impacted by the Court's declaration in this matter. Hence, they have been named in this action, so they will be bound by the Court's ultimate decree.

32. For the reasons expressed below, pursuant to the terms, conditions, endorsements and exclusions of the Policy, there is a dispute as to whether or not HUDSON's $500,000 per claim limit applies to the claims asserted in the Underlying Lawsuit.

33. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

## THE HUDSON POLICY

34. HUDSON issued a Lawyers Professional Liability Insurance Policy, policy number CRH-LPL-FL-212785, to THE LAW OFFICE, for the policy period June 15, 2021 to June 15, 2022.

35. The Policy provides coverage up to $500,000 for each claim subject to a $1,000,000 aggregate policy limit, subject to a $10,000 deductible.

36. The Policy states in pertinent part as follows:

**I.  INSURING AGREEMENTS**

**A. Legal Services**

The **Company** will pay on behalf of an **Insured** all amounts, in excess of the deductible, that an **Insured** becomes legally obligated to pay as **Damages and Claim Expenses** because of a **Claim** that is both made and reported to the **Company** during the **Policy Period** or any extended reporting period based on an alleged negligent act, error or omission in the **Insured's** rendering or failing to render **Legal Services** for others. It is a condition precedent to coverage under this policy that the alleged negligent act, error or omission occurred:

1. during the **Policy Period**; or

2. prior to the **Policy Period**, provided that all of the following four conditions are met:

    a. the Insured did not notify any prior insurer of such alleged negligent act, error or omission or Related Negligent Act, Error or Omission; and

    b. prior to the inception date of the first policy issued by the Company if continuously renewed, no Insured had any basis (1) to believe that any Insured had breached a professional duty; or (2) to foresee that any such alleged negligent act, error or omission or Related Negligent Act, Error or Omission might reasonably be expected to be the basis of a Claim against any Insured; and

    c. prior to the date any Insured first became a member or employee of the Named Insured, such Insured had no basis (1) to believe that any Insured had breached a professional duty; or (2) to foresee that any such alleged negligent act, error or omission or Related Negligent Act, Error or Omission might reasonably be expected to be the basis of a Claim against any Insured; and

    d. there is no policy that provides insurance to the Insured for such liability or Claims.

37. Pursuant to Section III. LIMITS OF LIABILITY AND DEDUCTIBLE, the Policy states, in relevant part:

### C. MULTIPLE INSUREDS, CLAIMS AND CLAIMANTS

The inclusion of more than one **Insured** in any **Claim**, or the making of Claims by more than one person or entity will not increase the **Company's** Limit of Liability Each **Claim** or the deductible. Two or more **Claims** arising out of a single act or omission, or **Related Negligent Act**, **Error or Omission** will be treated as a single **Claim**. All such **Claims**, whenever made, will be considered first made during the **Policy Period** in which the earliest **Claim** was first reported.

38. The Policy includes the following relevant definitions:

    a. **Claim** means a demand for money or **Legal Services**.

    b. **Legal Services** means those services performed by an **Insured** as a licensed lawyer in good standing, arbitrator, mediator, title agent, notary public, administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity but only where the act or omission was in the rendition of services ordinarily performed as a lawyer. **Legal Services** will not be extended to include services rendered as a real estate agent or broker or as an insurance agent or broker.

    c. **Related Negligent Act, Error or Omission** means a negligent act, error or omission that forms the basis for two or more **Claims**, where a series of continuous, repeated, interrelated or causally connected acts or omissions give rise to one or more **Claims**, whether committed by one or more **Insured(s)**.

39. The underlying allegations against the LABINER DEFENDANTS are based on alleged failure or failures to monitor an employee's actions.

40. The alleged actions and inactions are collectively a related negligent act, error or omission because the failure(s) to supervise are a series of continuous, repeated, interrelated or causally connected acts or omissions that gave rise to the various claims being made against the LABINER DEFENDANTS by the UNDERLYING PLAINTIFFS.

41. As there are two or more claims that arise out of a related negligent act, error or omission, the claims should be treated as one claim.

42. Therefore, the Policy's $500,000 per claim limit applies to this Underlying Lawsuit.

## COUNT I.  DECLARATORY JUDGMENT AS TO THE HUDSON INSURANCE COMPANY POLICY

43. HUDSON realleges and incorporates by reference the allegations in paragraphs 1 through 42 above.

44. An actual, present and existing controversy has arisen between the parties as to HUDSON's obligations under the Policy, with respect to the claims being asserted against the LABINER DEFENDANTS in the Underlying Lawsuit.

45. HUDSON seeks a judicial declaration that the claims the claims being asserted against the LABINER DEFENDANTS in the Underlying Lawsuit are Related Negligent Acts, Errors or Ommission, and the applicable Policy limit is the Policy's $500,000 per claim limit.

46. There is a *bona fide*, actual, present need for the declaration of HUDSON's rights and obligations under the Policy.

47. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

48. HUDSON has no adequate remedy at law.

WHEREFORE, for the reasons stated above, Plaintiff, HUDSON INSURANCE COMPANY, requests that this Court enter a Declaratory Judgment declaring the rights, status, obligations, and duties of the parties under HUDSON's Lawyers Professional Liability Insurance Policy, policy number CRH-LPL-FL-212785, including, but not limited to, the following:

a. The Policy limit applicable to the UNDERLYING PLAINTIFFS' claims against the LABINER DEFENDANTS is the Policy's $500,000 per claim limit

b. Make any other declarations as to coverage that is necessary based upon the terms and conditions of the Policy;

c. Grant HUDSON INSURANCE COMPANY the costs of this action and other relief as this Court deems equitable, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, HUDSON INSURANCE COMPANY, demands trial by jury on all issues so triable of right.

Dated:  April 28, 2025.

Respectfully submitted,

**KAUFMAN DOLOWICH LLP**

*/s/ Jesse D. Drawas*
Jesse D. Drawas, Esq.
Fla. Bar No. 68654
Email: jdrawas@kdvlaw.com
100 SE Third Avenue, Suite 1500
Fort Lauderdale, FL 33394
Tel: (954) 302-2244
Fax: (888) 464-7982
Attorney for HUDSON